UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUAN RENE SAINZ-ORTEGA,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.

Civil No. 09-543 (RHK/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

**I.     BACKGROUND**

In a 1992 criminal case brought here in the District of Minnesota, Petitioner was charged with violating federal drug laws.  United States v. Sainz-Ortega, No. 4:92-cr-9 (JMR/FLN).    He failed to appear at trial in that matter, and he was convicted in absentia.  Thereafter, Petitioner was charged (in a new case) with failure to appear, in violation of 18 U.S.C. § 3146(a).  United States v. Sainz-Ortega, No. 4:92-cr-85 (JMR/FLN).

In 2004, Petitioner was re-apprehended and brought to trial in this District.  A revised indictment was filed at that time, which effectively consolidated the original drug law charges and the subsequent failure to appear charge.  See Sainz-Ortega, No. 4:92-cr-9, (Docket Nos. 87 and 107).  Petitioner went to trial on the charges listed in the revised indictment, and a jury found him guilty of three drug law violations, as well as failure to appear.  See id. (Docket Nos. 113 and 142.)  Petitioner received an aggregate sentence of 300 months in federal prison – 240 months for each of his drug law convictions, (to be served concurrently), plus a separate 60-month sentence for his failure to appear conviction, (to be served consecutively to his other sentence).  Petitioner is presently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

Petitioner challenged his conviction and sentence in a direct appeal to the Eighth Circuit Court of Appeals, but his claims were denied.  United States v. Sainz-Ortega, 190 Fed. Appx. 516, (8th Cir. 2006) (per curiam) (unpublished opinion).

Petitioner subsequently challenged his conviction and sentence again, by filing a motion in the trial court under 28 U.S.C. § 2255. All of Petitioner's § 2255 claims were denied on the merits in a comprehensive order dated November 2, 2007. Sainz-Ortega, No. 4:92-cr-9, (Docket No. 156). The trial court judge also ruled that Petitioner would not be granted a certificate of appealability for his § 2255 claims. Id. Petitioner did not appeal that ruling, but he later attempted to raise some new claims in a motion entitled "Motion To Recall This Court's Mandate Issued June 30, 2005." Id., (Docket No. 158). That motion was summarily denied on June 24, 2008. Id., (Docket No. 159).

Petitioner's current habeas corpus petition presents another challenge to his 2004 criminal conviction in this District. Petitioner presently contends that the trial court erred "in vacating the 1992 conviction" that followed his in absentia trial on the original drug law charges. ("Memorandum In Support Of A Motion Pursuant To 28 USC § 2241," [Docket No. 1], p. 5.) He claims that "his 1992 conviction and sentence prohibited the Court from re-trying him for the same set of facts based on the Double Jeopardy Clause of the 5th Amendment." (Id., p. 8.) However, Petitioner's current challenges to his 2004 federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition, for the reasons discussed below.

## II.  DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to

3

28 U.S.C. § 2255.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  Subsection 2255(e) provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.  (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 ... and not in a habeas petition filed in the court of incarceration... under § 2241."  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of...[his] detention."  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

4

In this case, it is readily apparent that Petitioner is challenging the validity of his 2004 federal criminal conviction and sentence in this District. He claims that he was convicted and sentenced in violation of his rights under the Fifth Amendment's Double Jeopardy Clause. Because Petitioner is directly challenging the validity of his conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished

opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it clearly appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute. He apparently believes that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, (due to the restrictions on successive motions and the one-year statute of limitations). That reasoning must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he

should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, ... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir.

7

1998).  Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.  Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and again in his § 2255 motion.  He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current arguments in his direct appeal or his prior § 2255 motion.  See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

Here, as in Abdullah, Petitioner had an opportunity to present his current claims for relief on direct appeal, and in his § 2255 motion.  As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction.  'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable here.  Petitioner has had an adequate procedural opportunity to raise his current claims for relief, and he is therefore barred from bringing those claims in a § 2241

8

habeas corpus petition.

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 2004 federal criminal conviction and sentence in this District; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the current petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

**IV.     RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DISMISSED** for lack of jurisdiction.


Dated: March 10, 2009              s/ *Jeanne J. Graham*
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 24, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.